IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANA BERTHA MORENO
MARTINEZ, LIZBETH MAGALLANES
CASTRO, and CHRISTIAN ANTONIO
DE LA ROSA MORENO,

Plaintiffs,

vs.                                                                    CIVIL NO. 10-56 JH/LFG

VIRGIL COX, JR., and CALHOMA
TRANSPORTATION, INC.,

Defendant(s).

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS[1]

This matter comes before the Court on an Order of Reference (Doc. No. 49) from the Presiding Judge, ordering this Court to conduct a fairness hearing to determine if a settlement reached between the parties concerning the minor Leslie Janet De la Rosa Magallanes is fair, reasonable, and in the best interests of the child, and whether it should be approved.

On January 20, 2001, the Court conducted a hearing attended by Nancy Cronin, attorney for Plaintiffs, Lance Richards, attorney for Defendants, and Gabrielle Valdez, the Court appointed *guardian ad litem.* Appearing by telephone was the mother and next friend of the minor, Lizbeth Magallanes Castro, also a Plaintiff in the case. At the hearing, Defendants, for the first time, opposed granting approval of the settlement, on the basis that medical bills for care by a doctor in Mexico have not been paid and may subject the Defendants to a further lawsuit since they have notice of a claim for payment made to Plaintiffs. This creates a second issue that must be addressed.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

The Court will address the fairness of the settlement first and then proceed to the Defendants' objections.

## FAIRNESS OF THE SETTLEMENT AS TO THE MINOR CHILD

After reviewing the written report of the *guardian ad litem* and questioning her about that report, taking the testimony of the mother, and hearing the arguments of counsel the Court makes the following findings and recommendation.

This case arose out of a 2009 rear end automobile accident wherein the vehicle in which the mother, child and another passenger were occupants was hit by a tractor trailer. The liability of the truck driver, who was cited for careless driving, appears clear. The minor child, three years old at the time, sustained a concussion and a broken clavicle. She was transported to UNMH and treated for her injuries. Her total medical expenses in New Mexico arising out the accident were $13,539.05. She has completely recovered from the accident and has no residual problems. While in Mexico after treatment at UNMH, the minor child and the other Plaintiffs received treatment from a Mexican doctor. His bills, while not itemized or before the Court, allegedly amount to over $100,000.00 per person. It was the consensus of the attorneys that the treatment and the costs for such treatment were unlikely to be found to be reasonable and necessary expenses arising out of the accident.

The settlement for the minor was for a total of $60,000.00. Plaintiff's fee was 1/3 of the proceeds, plus gross receipts tax. After a deduction for costs and the payment of medical expenses to the New Mexico providers the net amount to the minor is $29,473.37. The intention of the mother, with the approval of the *guardian ad litem*, is to purchase a structured settlement annuity which will pay out a guaranteed $57,500.00 starting in 2024.

The *guardian ad litem* recommends the approval of the settlement and her report is filed in

the court record. The Court finds that the settlement was fairly and honestly negotiated at a settlement conference before Magistrate Judge Garcia. While liability is reasonably certain, the question of damages could be open to question. The Court notes that the total settlement is more than 5 times the amount of the U.S. medical damages. The Court finds the attorney fees and costs to be within normal parameters. The Court finds the settlement amount to be a fair amount taking into consideration her injuries, the relatively short duration of her recovery and the lack of any permanent injury.

If the Mexican medical bills were indeed reasonable and necessary to treat the minor for her injuries arising out of the accident, there would be a serious question about the fairness of the settlement amount. However, there appears to be significant questions as to the foreign treatment and the resulting bills. It was represented to the Court that the treatment included psychological treatment and treatment for the broken clavicle. The Court seriously questions whether a three year old with relatively minor injuries would need or could benefit from psychological treatment. The Court also notes that a broken clavicle without complications is generally not particularly amenable to active treatment. Additionally, the Court is very skeptical about the reasonableness of the doctor's charges. More importantly, Plaintiffs' counsel indicated to the Court that in addition to the already discussed problems with the treatment by the Mexican doctor, he may be difficult to get before the Court. He lives in very southern Mexico and it may require process under the Hague procedures to affect service of a subpoena. Given all of these factors the Court finds that the value of this immediate recovery outweighs the possibility of a greater, though uncertain, recovery in the future, which recovery would be lengthy and expensive.

For all of the above reasons the Court finds that the settlement is fair and reasonable. It also finds that the settlement, and the proposed disposition of funds, is in the best interests of the minor

child.  The Court recommends it be approved.

## DEFENDANTS OPPOSITION

Defendants oppose approval on the grounds that the Mexican doctor has made some claim to Plaintiffs for the medical treatment given to all Plaintiffs who were injured in the accident and Defendants fear potential liability should he not be paid.  Defendants make no objection to the fairness of the settlement with the minor or to any of the findings set out above.  While the Court understands the potential danger to Defendants of a subsequent action by the Mexican doctor, in the Court's opinion the same concerns existed at the time of the settlement.  The settlement amount for each Plaintiff was less than the amount allegedly owed to the Mexican doctor.  Thus, it should have been obvious that there was a risk of non payment which conceivably could have come back on Defendants.  Paragraph II of the Memorandum of Understanding executed by all parties at the settlement conference specifically provides that the Plaintiffs are responsible for paying all subrogated claims from all health care providers, foreign and domestic.  That paragraph also requires Plaintiffs to hold Defendants harmless from any subrogated claims.  This provision demonstrates that the parties were at least contemplating the very possibility that Defendants now rely upon in arguing that the Court should disapprove the settlement with the minor.  It is beyond the purview of the Court's responsibility at this juncture to deal with any claim that the settlement should not be enforced.  Nor does the Court have enough information to do so if it were so inclined.

It should also be noted that a dispute arising out of the language of the release with respect to one of the other Plaintiffs was brought before Judge Garcia on November 23, 2010.  Defendants wanted language which required Plaintiffs to set aside money to pay the potential medical expenses.  After a telephonic hearing, Judge Garcia observed that the Memorandum of Understanding had no such provision and its terms constituted the settlement.  (See Judge Garcia's Clerk's Minutes,

4

Docket No. 47).

It is the opinion of the Court that Defendants' objections to the approval of the minor's settlement are not well taken.

IT IS THEREFORE RECOMMENDED that the findings set out above be adopted by the Presiding Judge and that the minor settlement be approved as fair and reasonable and in the best interests of the child in all respects.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**